# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRIAN LEE GILLESPIE,

        Defendant-Appellant.

UNPUBLISHED
December 20, 2016

No. 328932
Muskegon Circuit Court
LC No. 14-065443-FC

Before: WILDER, P.J., and MURPHY and O'BRIEN, JJ.

PER CURIAM.

Defendant was convicted by a jury of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (sexual penetration of a child under 13 years of age). Given that the victim was under 13 years old and that defendant committed the offense when he was over the age of 17, a minimum sentence of at least 25 years was mandated. MCL 750.520b(2)(b). Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to 25 to 38 years' imprisonment. He appeals as of right, and we affirm.

There was testimony that, on more than ten occasions, defendant sexually abused his girlfriend's six-year-old daughter by engaging in oral and penile contact with and penetration of the victim's vagina. The prosecution presented overwhelming evidence of defendant's guilt. Aside from the victim's testimony regarding the sexual assaults that was consistent with unchallenged disclosures made by her to a professional counselor, an aunt, and the aunt's boyfriend,[1] there was DNA evidence showing that defendant was the donor of seminal fluid found on a blanket belonging to the victim, along with evidence that the victim contracted genital herpes, type HSV-1, with defendant being the only other person in the household or family who was HSV-1 positive.

---

[1] An audiotape had been made by the victim's aunt and her boyfriend of their conversation with the victim, which audiotape was played for the jury and revealed the allegations of sexual contact and penetration.

-1-

On appeal, defendant first argues that testimony by a forensic interviewer included hearsay regarding the victim's claims of sexual abuse that was not admissible under the codified tender-years exception to hearsay, MRE 803A, and that the forensic interviewer also improperly opined that the victim had not been coached, thereby invading the province of the jury to assess credibility. Assuming that the testimony should not have been admitted, we hold that defendant has not established plain error affecting his substantial rights. In *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999), our Supreme Court observed:

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence. [Citations, quotation marks, and alteration brackets omitted.]

In light of the strong evidence of guilt, i.e., the victim's testimony, the corroboration of that testimony by unchallenged consistent statements made by the victim to persons other than the forensic interviewer, defendant's semen found on the victim's blanket, and the fact that both defendant and the victim were HSV-1 positive (herpes), defendant simply cannot establish the requisite prejudice under the plain-error test.[2] Moreover, on this record, we cannot conclude that defendant is "actually innocent" or that any assumed error seriously affected the fairness, integrity, or public reputation of the proceedings independent of defendant's innocence.

Defendant next argues that defense counsel was ineffective for failing to object to the improper hearsay and credibility-assessment testimony by the forensic interviewer. Given that defendant has failed to establish that he was ultimately prejudiced by the testimony for the reasons recited above, his claim of ineffective assistance of counsel also necessarily fails. See *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001) (to show ineffective assistance of counsel, a defendant must demonstrate deficient performance *and* prejudice).

Defendant next argues that there was insufficient evidence to support his CSC I conviction. Defendant crafts a very narrow argument, contending that the victim may have contracted genital herpes through innocent contact with infected items in the home and that

---

[2] We note that even had defense counsel preserved the arguments pertaining to the forensic interviewer's testimony, we would find that any error was harmless, considering the overwhelming evidence of guilt. See MCL 769.26; *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999).

defendant tested HSV-1 positive long after the alleged sexual assaults took place, such that he may not have had herpes during the relevant time period. Being overly generous and assuming that the victim did not contract genital herpes from defendant by way of sexual penetration, there was nevertheless more than sufficient evidence establishing that the victim was under the age of 13 and that defendant sexually penetrated the victim's vagina, thereby satisfying the elements of the crime. MCL 750.520b(1)(a). Indeed, the victim's testimony alone was adequate to show sexual penetration. MCL 750.520h ("The testimony of a victim need not be corroborated in prosecutions under sections 520b to 520g."). And there is no assertion that the victim was not under 13 years of age when the sexual penetration took place. Moreover, viewing the direct and circumstantial evidence in a light most favorable to the prosecution, *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002), taking into consideration all reasonable inferences arising from the evidence, *Carines*, 460 Mich at 757, resolving all conflicts in the evidence in favor of the prosecution, *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008), and deferring to the jury's assessment of the weight of the evidence and the credibility of the witnesses, *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), a rational juror could have found that defendant infected the victim with HSV-1 through sexual penetration. Reversal is unwarranted

Finally, with respect to sentencing, defendant argues that there was inadequate evidence to support the scores for certain offense variables (OVs) and that he is at least entitled to a *Crosby*[3] remand under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). The trial court imposed a minimum sentence of 25 years for the CSC I conviction. Under MCL 750.520b(2)(b), when CSC I "is committed by an individual 17 years of age or older against an individual less than 13 years of age[,]" the sentencing court is mandated to impose a sentence of "imprisonment for life or any term of years, but not less than 25 years." "If a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with that statute[,] [and] [i]mposing a mandatory minimum sentence is not a departure . . . ." MCL 769.34(2)(a).

Given that the minimum sentence available to defendant is 25 years, which was the actual minimum sentence imposed in this case, and that any ruling by us cannot potentially produce a lower minimum sentence, the scoring challenge and the *Lockridge* challenge are effectively moot. Minimally, defendant cannot establish plain error affecting substantial rights relative to the unpreserved *Lockridge* issue, and harmless error precludes reversal with respect to defendant's preserved OV scoring claims. The *Lockridge* Court indicated "that *Crosby* remands are warranted only in those cases involving sentences imposed on or before July 29, 2015, the date of today's decision[,]" and "for defendants sentenced after our decision today, the traditional . . . plain error review from *Carines* will apply." *Lockridge*, 498 Mich at 397. Defendant was sentenced on August 10, 2015, so a *Crosby* remand is not available to defendant, and he cannot establish the requisite prejudice under the *Carines* plain-error test, considering that his minimum sentence must be at least 25 years. And any assumed OV scoring errors were

---

[3] This is a reference to *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

necessarily harmless for the same reason. MCL 769.26; *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999). Resentencing is unwarranted.

Affirmed.


/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Colleen A. O'Brien